

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Mr. Ford:                    Opinion No. O-1771

Re: The authority of Texas
Liquor Control Board to
execute an indemnity
bond to a bank in order
to secure a duplicate
cashier's check.

We beg to acknowledge receipt of your letter
of November 7, 1940, requesting an opinion from this
department with respect to the above captioned subject
matter, which letter is as follows:

"On September 23, 1940 this Department deposited in the State Treasury a cashier's check drawn on W. L. Moody & Company, Bankers, of Galveston, Texas, said check being described as follows:

"60067, dated September 18, 1940, payable to Texas Liquor Control Board, amount $125.00.

"This check was tendered by Kemah Package Store of Kemah, Texas, as fee for a Package Store Permit and subsequently a Package Store Permit was issued and mailed to the applicant.

"On October 7, 1940 we received notice from the State Treasurer that said check had been lost in the mail and charged back to the account of this Board. We immediately referred the matter to W. L. Moody & Company,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTAN

requesting that they issue a duplicate check. They have informed us that they will issue no duplicate cashier's check until they have been furnished with indemnity bond for double the amount of the check.

"I do not believe that this Board is vested with legal authority to make an idemnity bond and will appreciate your advice as to whether or not there is any other method by which this Department may obtain settlement."

We beg to advise that Texas Liquor Dontrol Board, like any other governmental agency has such powers only as are conferred upon it by express statutes or by necessary implication.

We find nothing in the statutes that could, under the most liberal interpretation thereof, authorize the Board to execute the indemnity bond called for by W. L. Moody & Company.

A check is a negotiable instrument, ( 6 Tex. Jur. p. 604, § 12, and Brannon N. I. L. (6th Ed. § 53) and, notwithstanding a stop order, if one has been given, the issuing bank would be liable to an innocent holder of the lost check, for which reason it is customary, at least, for banks to demand such indemnity as a condition precedent to issuing a duplicate check. There is no law requiring banks to issue duplicates at all, either with or without indemnity. And the bank is entirely within its legal rights in refusing to issue the duplicate without indemnity.

A check, such as those under consideration, payable to another, or to his order, is payable upon demand and ceases to be negotiable after the lapse of a reasonable time for presentation for acceptance or payment. What is such "reasonable time" is not defined by our statutes, but depends upon the facts of the particular case. Rev. Civ. Stat., Art. 5932, Sec. 1; ibid 5934, Sec. 33; Brannon N. I. L. (6th Ed.) p. 587; Gossett vs. Stubblefield, 121 S. W. (2) 665.

An endorsement by the payee, however, is essential to a negotiation of the check so as to make the taker a holder in due course ( Fourth National Bank of Macon vs. Lattimore (Ga.) 148 S. E. 396; Brannon's N. I. L., (5th ed.) p. 558). So that, unless the Texas Liquor Control Board endorsed the checks in blank, there could in no event be an innocent holder, and the risk incident to issuing a duplicate would be little or nothing. If your Board endorsed these checks to the Treasurer and not generally, then there could be no holder in due course without the endorsement of the Treasurer. We are not advised as to whether or not the Treasurer has endorsed these checks in blank so as to make possible a holder in due course.

The Board's probable remedy would be a simple suit or action upon the lost instruments, or possibly a proceeding to cancel the permits issued for non-payment of fees.

We do not advise specifically with respect to remedies, however, thinking perhaps a satisfactory showing with respect to the endorsements of your Board and of the Treasurer and a reasonable time will be sufficient to cause the bank to issue the requested duplicate without indemnity.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                     Ocie Speer
                          Assistant

OS:MR

Approved Nov. 15, 1940
Gerald C. Mann
Attorney General of Texas

Approved Opinion Committee by B.W.B. Chairman